23-1341-cv
Conte v. Tapps Supermarket, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand twenty-four.

PRESENT:  JON O. NEWMAN,
JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

ANTHONY CONTE,

*Plaintiff-Appellant*,

v.                                                                        No. 23-1341-cv

TAPPS SUPERMARKET, INC.,
ANTHONY C. CONTE, PAUL S.
CONTE, PASQUALE CONTE, JR.,
THE ESTATE OF PASQUALE
CONTE, SR., ANTHONY BILEDDO,
SEVEN SEAS PARTNERS, INC.,
FEDER KASZOVITZ LLP,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:  ANTHONY CONTE, *pro se*, Setauket, NY

FOR DEFENDANT-APPELLEE ANTHONY BILEDDO:  MICHAEL S. COLE, Cole Associates, New York, NY

FOR DEFENDANTS-APPELLEES TAPPS SUPERMARKET, INC., SEVEN SEAS PARTNERS, INC., ANTHONY C. CONTE, PAUL S. CONTE, AND PASQUALE CONTE, JR.:  MICHAEL P. ROBOTTI, Ballard Spahr LLP, New York, NY (Marjorie J. Peerce, J. Chelsea Burruss, Ballard Spahr LLP, New York, NY, Bruce Robins, Feder Kaszovitz LLP, New York, NY, *on the brief*)

FOR DEFENDANTS-APPELLEES TAPPS SUPERMARKET, INC., SEVEN SEAS PARTNERS, INC., ANTHONY C. CONTE, PAUL S. CONTE, PASQUALE CONTE, JR., ESTATE OF PASQUALE CONTE, SR., AND FEDER KASZOVITZ LLP:  Bruce Robins, Feder Kaszovitz LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Diane Gujarati, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Anthony Conte appeals from a judgment of the United States District Court for the Eastern District of New York (Gujarati, *J.*) dismissing federal racketeering and various state law claims Conte brought against Defendants-Appellees.  Conte claims that, over the course of decades,

2

Defendants-Appellees deprived him of his interest in several corporations that owned property in New York. He challenges the District Court's dismissal of his claims and argues that the Magistrate Judge (Wicks, *M.J.*), who resolved several pretrial motions and issued a report and recommendation, exceeded his authority. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Reviewing *de novo*, *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019), we agree with the District Court that Conte's federal and state law claims are barred by the applicable statutes of limitations ranging between three and six years. *See Conte v. Tapps Supermarket, Inc.*, No. 22-CV-3109, 2022 WL 4539267, at *5–6 (E.D.N.Y. Sept. 28, 2022) (listing the statutes of limitations for each of Conte's claims).

On appeal, Conte first argues that his lack of diligence in filing his complaint should be excused because he did not learn that his ownership interests in several corporations had been fraudulently converted and extinguished until the March 2022 sale of a property in which he claims to have had an interest. We are not persuaded. The complaint itself alleges that Conte

3

was fraudulently stripped of his interests in the corporations that owned the property decades before 2022. As far back as 1984, the Defendants-Appellees allegedly informed Conte that the property was worthless and that he had no remaining ownership interest in it, but refused to give him more information. Defendants-Appellees' conduct should have alerted Conte that his interests had been misappropriated at that earlier time. The District Court therefore correctly identified the 1984 events as triggering the statutes of limitations, which expired decades before Conte commenced this action.

In the alternative, Conte asserts that the statutes of limitations do not apply because Defendants-Appellees relied on fraudulent documents to establish the sale of Conte's interests in those same corporations. But the District Court explicitly declined to consider these documents because Conte contested their authenticity and because they were neither attached to nor incorporated by reference in his complaint. We decline to consider them for the same reasons. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Conte also challenges the Magistrate Judge's authority to rule on certain dispositive and non-dispositive motions because there was no written assignment or referral order on the docket when the motions were filed. We

4

disagree.  First, a "district court may designate a magistrate judge to hear and decide a pretrial matter that is not dispositive of a party's claim or defense." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (quotation marks omitted).  Second, it was proper for the District Court here to refer the motions to dismiss for recommendation after they were filed.  *See id.*

Finally, Conte argues that he should be granted leave to amend his complaint under Rule 15(a) of the Federal Rules of Civil Procedure because certain Defendants-Appellees attached documents that Conte had not previously seen to their motion to dismiss.  This argument is unavailing.  The District Court expressly declined to consider the documents in ruling on those motions.  In any event, the documents do not alter our analysis of the applicable statutes of limitations.  Having concluded that Conte's claims were barred by the statutes of limitations, the District Court properly denied leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Conte forfeited or abandoned other grounds to challenge the District Court's judgment, and we decline to consider them on appeal.  *See Drabinsky v. Actors' Equity Ass'n*, 106 F.4th 206, 217 n.5 (2d Cir. 2024).

5

We have considered Conte's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court